UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :         Chapter 13

MARIA FIGUEROA                                 :

    Debtor                                     :         Bankruptcy No. 04-32317F

..............................................

ORDER

..............................................

AND NOW, this 28th day of April 2005, upon motion of the debtor to "reopen and for relief, pursuant to Bankruptcy Rule 9024[1] and F.R.C.P. 60(b), from the order of dismissal,"

And on January 12, 2005, the above-captioned bankruptcy case was dismissed upon motion of secured creditor Washington Mutual Bank, FA. This dismissal order was entered after a hearing held January 11, 2005, and in addition to dismissal, the debtor was barred from further bankruptcy filings for a period of 180 days. See generally In re Narod, 138 B.R. 478 (E.D. Pa. 1992),

And the debtor now requests that I modify this order pursuant to Fed. R. Bankr. P. 9024 and allow her to file a new chapter 13 case,[2]

---

[1] Bankruptcy Rule 9024 incorporates Fed. R. Civ. P. 60.

[2] As the case was dismissed, it was never "closed within the meaning of section 350(a). Thus, the debtor's request to reopen her case is incorrect. See In re Income Property Builders, Inc., 699 F.2d 963 (9th Cir. 1982) (per curiam); In re Flores, 271 B.R. 213, 2001 WL 543677, at *3 (B.A.P. 10th Cir. 2001) (Table); In re King, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997); In re Woodhaven, Ltd., 139 B.R. 745, 747-48 (Bankr. N.D. Ala. 1992); Matter of Garcia, 115 B.R. 169, 170 (Bankr. N.D. Ind. 1990).

And the debtor states that her house is scheduled for sale by Sheriff's Sale on May 3, 2005,

And the debtor had filed two chapter 13 cases prior to the one captioned above, docketed at Bankr. Nos. 01-31152 and 02-36136. She now contends that she was unable to complete the chapter 13 plan in her first case because she "was working at a different job with fewer hours and a lower pay rate than her current job." Motion, ¶ 1(a). She asserts she was unsuccessful in her second chapter 13 case because she had a flood in her house and therefore needed to pay for repairs. Id., ¶ 1(b). In the above-captioned third case, the debtor contends that her chapter 13 plan failed "because of a leak in her roof which needed repair and additional automobile repairs." Id., ¶ 1(c),

And in the first two cases, Washington Mutual Bank, or its predecessor in interest, Homeside Lending Inc., the mortgagee on the debtor's residence on Pennway Street, had obtained relief from the bankruptcy stay to prosecute a foreclosure action. This suggests that the debtor was unable to tender post-bankruptcy mortgage payments during those cases,

And Washington Mutual then sought to dismiss the debtor's third bankruptcy case as filed in bad faith,

And the debtor now contends that she could successfully complete a new chapter 13 plan because she is working higher paying shifts at her job at The Children's Hospital of Philadelphia, as well as approximately 10 hours of overtime per pay period,

netting an additional $300 per month.[3]  In addition, she asserts that she will rent a room in her house to a relative who will pay her $450 per month,[4]

And the debtor states that if the court grants her motion, then she would immediately tender $600 to the chapter 13 trustee and $475 to Washington Mutual (which appears to approximate her regular monthly mortgage payment),

And the debtor's first two cases were dismissed on motion of the chapter 13 trustee; in the second case the trustee had alleged that the debtor was not making plan payments.  The trustee's motion to dismiss the third case, for failure to attend the section 341 meeting and for not making plan payments, was rendered moot by the granting of Washington Mutual's motion to dismiss,

And in all three cases, the trustee's motion to dismiss followed by two months the grant of relief from the stay, suggesting that once the stay was lifted, the debtor stopped making trustee payments.  The second and third cases were then filed three weeks after the dismissal of the prior cases, preventing any foreclosure attempt by the mortgagee,

---

[3]The paystub attached to the motion shows $955.53 earned in one pay period. Assuming the pay period is two weeks, the debtor's monthly wage income would equal $2,070.32 (26 pay periods divided by 12 months).  This equals $286.18 more income than scheduled in the debtor's last case.

[4]The debtor's motion references an "Affidavit of Contribution for the rent" as attached to her motion as Exhibit B, but no such exhibit is attached to the motion.  Nor is a copy of any written lease attached to the motion.
The debtor also stated she "is also anticipating" renting another room for $450 per month, but this is clearly speculative.

3

And the debtor was represented by the same attorney in all cases,[5]

And due to the debtor's repeated bankruptcy filings, her mortgagee has been unable to foreclose on its collateral for over three and a half years.[6] According to the proofs of claim filed in each of the cases, the arrears on the mortgage have increased from $6,285.55 in the first case, to $14,276.45 in the second case, and to $25,736.77 in the third case.[7] Given that the third case was filed in September 2004, the mortgage delinquency is likely increased by seven months. As the mortgage payments are about $474 per month, the delinquency has increased by approximately $3,320. In addition, the mortgagee probably paid about $2,000 in costs to the Sheriff to schedule the forthcoming foreclosure sale. Thus, at this point, the mortgage arrearage due Washington Mutual may exceed $31,000,

And in this last case, the debtor had estimated the value of her home at $50,000 with a secured claim of $54,325.98, thus Washington Mutual was and likely remains undersecured,

And in that same case, the debtor had proposed to pay $505 per month into a 60-month plan, curing her mortgage arrearage and paying a $650 secured claim of the

---

[5]Michael J. Halprin, Esquire, was counsel of record for the debtor in all three cases. Michael A. Cohen, Esquire, filed the instant motion. His address is the same as that for Mr. Halprin and so is likely associated with the former.

[6]The debtor's first case was filed August 6, 2001.

[7]The principal amount due has also increased from $41,216.27 to $45,722.29 to $53,675.98.

City of Philadelphia for unpaid water and sewer charges.[8] Unsecured creditors were to receive no dividend. The bankruptcy case was dismissed before the scheduled confirmation hearing had been held,

And in the instant motion, the debtor expects to pay $600 per month into a plan (while maintaining postpetition mortgage payments), $95 more than in her last proposed chapter 13 plan (although asserting that she now has $300 more per month in wage income plus $450 rental income),

And the debtor only could propose a 60 month plan, paying a total of $36,000, as a 36 month plan would be insufficient to pay the secured claims in full,

And the debtor is not seeking reconsideration of the dismissal aspect of the January 12th order, which order is final and which was never appealed. Indeed, she does not suggest that dismissal was inappropriate, see In re Ciralsky, 281 B.R. 915 (B.A.P. 8th Cir. 2002); nor does she allege that there is newly available evidence that would justify denial of that relief. See generally In re Hanno, 254 B.R. 732 (Bankr. N.D. Ill. 2000). Instead, she seeks a modification of the 180 day bar order against her so that she may file a new chapter 13 reorganization case,[9]

---

[8] A proof of claim filed by the City of Philadelphia alleges a secured debt of $981.80. No objection to the proof of claim was filed.

[9] Although Ms. Figueroa does not specifically identify the provision of Rule 60 upon which she relies, it is probably either Rule 60(b)(5)—permitting relief when "it is no longer equitable that the judgment should have prospective application—or Rule 60(b)(6)—the catchall provision. Relief under Rule 60(b)(5) requires "a significant change either in factual conditions or in law," Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383 (1992), and imposes a heavy burden upon the party seeking such relief. See Inmates of Allegheny County Jail v. Wecht, 754 F.2d 120, 127 (3d Cir. 1985). Similarly, relief under Rule 60(b)(6) requires a showing of "exceptional circumstances." Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).

5

And to do so, and especially given her three failed chapter 13 cases, her burden is considerable. See generally In re LeGree, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002) (burden to demonstrate a chapter 13 filing is in good faith grows heavier with an increasing number of prior filings),

And, in this instance, the debtor seeks relief to file a fourth chapter 13 case, with a five-year plan, despite a lengthy and ever-increasing mortgage arrearage, based upon additional income that (especially over the life of the plan) is speculative—i.e., overtime pay and rental contribution from a relative. Indeed, she does not allege that she has been able to save the missed monthly mortgage payments since her case was dismissed,

And considering the debtor's history in this court, the infeasibility of her prior proposed plans, the prevention of the mortgagee's right to foreclose on its collateral for over three years, the timing of the present motion on the eve of foreclosure, the proffer of a plan that would require her mortgagee to wait five more years for the arrearage to be cured, the uncertainty of the debtor's increased income based as it is on continued overtime opportunity and rental income of a family member, and the importance of finality of judgments—implicit in Rule 60, see Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir.1977), and thus Rule 9024—the debtor has not met her burden for relief under Rule 9024.

Accordingly, it is hereby ordered that the debtor's motion under Rule 9024 is denied.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Ms. Maria C. Figueroa
5141 Pennway Street
Philadelphia, PA 19124

Michael A. Cohen, Esq.
Michael J. Halprin, Esq.
1806 S. Broad Street
Philadelphia, PA 19145

Danielle Boyle-Ebersole, Esq.
Shapiro & Kreisman
2520 Renaissance Blvd
Suite 150
King Of Prussia, PA 19406

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106